
Cheryl D. Orr (SBN 143196)
cheryl.orr@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: 415.591.7500 | Facsimile: 415.591.7510

Sara Ehsani-Nia (SBN 326501)
sara.ehsaninia@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: 310.203.4000 | Facsimile: 310.229.1285

Richard Pearl (admitted *pro hac vice*)
rick.pearl@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street, Suite 3300
Chicago, Illinois 60606-5707
Telephone: 312.569.1000 | Facsimile: 312.569.3000

Emily A. Kile-Maxwell (admitted *pro hac vice*)
emily.kilemaxwell@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: 317.237.0300 | Facsimile: 317.237.1000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| NICKOLAS TSUI and WILLIAM LUGO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL SERVICES OF AMERICA, LP, ALLIED UNIVERSAL TOPCO LLC, ALLIED UNIVERSAL BENEFITS COMMITTEE, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-01158-JWH-JDE<br><br>**[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. John W. Holcomb<br>Ctrm: 9D<br><br>Complaint Filed: June 13, 2022 |

The parties have stipulated to the entry of this Protective Order in regard to certain information and data related to class members provided during the settlement administration process. This material includes any and all documents, information, and data provided to the Settlement Administrator during the settlement administration process. The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the following Protective Order shall govern any information and data related to class members provided to the Settlement Administrator during the settlement administration process in the above-captioned matter, as follows:

1. **Definitions and Designation of Protected Material.** "Protected Material" means any document, including any document (of any type, in any format) produced that contains information subject to protection under Federal Rule of Civil Procedure 26(c), including personal, financial, and business information relating to the defendants, the defendants' benefit plans, the settlement terms, and information required for settlement administration in this case. Any party or non-party may designate Protected Material as confidential pursuant to this Protective Order by identifying such Protected Material as "CONFIDENTIAL" in transmittal communications, on the face of a document, in the file name of the document, or other method as reasonable to identify the Protected Material subject to protection.

2. **Limitations on Use.** Protected Materials and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall

be used solely for the purpose of the settlement administration process, shall remain confidential, and shall not be disclosed or used for any purpose other than effectuating the settlement of this action, except with the prior written consent of the party or other person originally designating a document as Protected Material, or as hereinafter provided under this Order. Any other use is prohibited.

3. **Access to Protected Material.** Notwithstanding paragraph 2, Protected Material may be disclosed to the parties to this action; to the counsel of record for the parties to this action who are actively engaged in the settlement administration of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in regards to the settlement of this litigation; to experts retained by parties or their counsel in this matter; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation. Nothing in this Order shall preclude the disclosure by a party of Protected Materials that it has produced, or preclude the disclosure by any party of publicly available documents or information.

All persons other than counsel, the parties, the Court, and Court personnel must execute the Written Undertaking attached to this Order prior to receiving Protected Information, attached hereto as **Exhibit A**.

4. **Jurisdiction of Court.** Each person executing the Written Undertaking submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5. **Challenging Confidentiality Designations.** In the event that another party disagrees with a designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 10 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a Protected Material and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

6. **Inadvertent Disclosure of Protected Material.** If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as Protected Material pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as Protected Material. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

7. **Inadvertent Disclosure of Privileged Material.** All inadvertent disclosures of information or Documents that are privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B). The receiving party shall return such inadvertently produced Documents, including

all copies, within 10 calendar days of receiving a written request. The party returning such inadvertently produced Documents may thereafter seek reproduction of any such Documents pursuant to applicable law.

8. **Other Proceedings.** If another court or an administrative agency subpoenas or orders production of Protected Material which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

9. **Survival and Obligations upon Termination.** The obligations imposed by the Protective Order shall survive termination of this action. Within 90 days after final conclusion of all aspects of this litigation, Protected Material and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that Protected Materials are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of Protected Material from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation. The Clerk may return to counsel or destroy any Protected Materials in its possession.

10. **Further Modification.** Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11. **Limitation of Order.** This Order is meant to govern the exchange of information relating to the parties' settlement. If, for any reason, the parties'

1  Settlement Agreement terminates, is deemed null and void, or is of no force or effect,
2  then the parties may move the Court for a protective order to govern the exchange
3  of information in normal course of discovery.

Dated: February 6, 2025        Respectfully submitted,

/s/ Erich Schork
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Erich P. Schork (*pro hac vice*)
erichschork@robertslawfirm.us
**ROBERTS LAW FIRM US, PC**
PO Box 31909
Chicago, IL 60631-9998
Telephone: (510) 821-5575
Facsimile: (510) 821-4474

*Counsel for Plaintiffs and the Proposed Class*

Dated: February 12, 2025        /s/ Richard J. Pearl
Richard Pearl (admitted *pro hac vice*)
rick.pearl@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street, Suite 3300
Chicago, Illinois 60606-5707
Telephone: 312.569.1000
Facsimile: 312.569.3000

Cheryl D. Orr (SBN 143196)
cheryl.orr@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: 415.591.7500
Facsimile: 415.591.7510

*Attorneys for Defendants*

## FILER ATTESTATION

I, Richard J. Pearl, pursuant to L.R. 5-4.3.4(a)(2)(i), hereby attest that all other signatories listed above, and on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: February 12, 2025                    /s/    Richard J. Pearl

# Exhibit A

1. I acknowledge that I am about to receive confidential information supplied by a party to this litigation.

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3. I will not utilize any Protected Material or other information subject to the Protective Order for any purpose other than the settlement administration process of this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4. I understand unauthorized disclosures of Protected Material or their substance constitute contempt of court.

5. At the termination of this litigation, I will return all documents marked "Confidential," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6. I submit to the jurisdiction of the United States District Court for the Central District of California, as necessary to enforce the provisions of the Protective Order.

Dated:_____   _____
                                Signature

                                _____
                                Printed Name

                                _____
                                Address

1
2          _____
           City, State, Zip
3
4          _____
           Telephone Number
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27